UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SHIRLEY GRAY,

    Plaintiff,

v.                                                                   Case No. 2:13-cv-157
                                                                   HON. R. ALLAN EDGAR

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff Shirley Gray first applied for Social Security Disability Insurance benefits on February 15, 2008. Transcript of Administrative Hearing at page 142 (hereinafter Tr. at __). The Social Security Administration denied her application on March 20, 2008. Tr. at 87. Plaintiff filed a Request for Hearing by an Administrative Law Judge (ALJ) on April 12, 2008. Tr. at 92. ALJ William G. Reamon presided over the hearing on February 26, 2010, in which attorney Christopher Trainor represented Plaintiff. Tr. at 30-85. Plaintiff and vocational expert James Lozer testified at the hearing. *Id.* On May 17, 2010, the ALJ issued a decision finding Plaintiff not disabled as defined under the Social Security Act. Tr. at 12. Plaintiff filed a Request for Review of Hearing Decision/Order on June 3, 2010. Tr. at 11. The Appeals Council denied the request for review on November 17, 2010, making the ALJ's decision the final decision of the Commissioner. Tr. at 6. Plaintiff filed this action asking the Court to reverse the Commissioner's decision and remand the case for further administrative proceedings.

Plaintiff has a history of pain in her heels, more so in the right heel than the left heel. On March 10, 2004, Plaintiff had surgery for tarsal tunnel release and plantar fascia release on her right heel to alleviate the pain. Tr. at 349-350. Plaintiff had another surgery on her right heel on October 27, 2004, to "excise medial calcaneal neuroma and release scar tissue with neurolysis of the recurrent." Tr. at 352-353. Records of subsequent medical appointments in November and December of 2004 indicate that Plaintiff reports her right foot "is feeling really good," and "not a lot of pain." Tr. at 329, 368, 369. Medical records show no further report of pain in Plaintiff's right foot until August 21, 2007, at an appointment with Dr. Ureta. Tr. at 433. On October 11, 2007, Plaintiff visited Dr. Jeffrey Krusniak, complaining of pain in both heels, more in the right heel than the left heel. Tr. at 396-397. Dr. Krusniak recommended that Plaintiff see Dr. Licht, a foot and ankle orthopaedic specialist, for further evaluation. Tr. at 397. Plaintiff saw Dr. Licht on November 9, 2007, at which time his diagnosis was chronic plantar fascia or heel pain. Tr. at 520-521. At an April 15, 2008, follow-up appointment, Dr. Licht stated there was no medical intervention for chronic heel pain and that new symptoms were reminiscent of diabetic neuropathy. Tr. at 517. On November 12, 2008, Plaintiff had further surgery for pain in her right heel that the surgeon declared was "directly related to the tarsal tunnel." Tr. at 502-503. The medical evidence of record shows subsequent medical appointments in which Plaintiff continued to complain of pain in her right foot after this final surgery. Tr. at 504-509.

Plaintiff also suffers from depression. This depression caused Plaintiff to admit herself for inpatient psychiatric care on multiple occasions. Tr. at 527-532 (April 25-28, 2007), 612-615 (December 21, 2007). The medical evidence of record indicates that Plaintiff was diagnosed as suffering "major depression, recurrent, severe, without psychosis" for several years, with Dr. Ureta consistently prescribing medication for treatment of depression. Tr. at 372-378, 407,

410, 536, 429-456. In addition to medication treatment for her depression, Plaintiff also participated in counseling with Dr. Vanderpol from May 2, 2007, through June, 26, 2008. Tr. at 534-569.

Plaintiff claims the ALJ failed to note, discuss, or assign a weight to the opinions of Plaintiff's treating physician, Dr. Ureta. Regulations require evaluation of every medical opinion received. 20 C.F.R. § 404.1527(c). The ALJ must give good reasons for the weight given a treating source's opinion in the notice of determination or decision. § 404.1527(c)(2). In accordance with 5 U.S.C.A. § 706, a reviewing court shall "hold unlawful and set aside agency action, findings, and conclusions found to be without observance of procedure required by law." § 706(2)(D).

The ALJ addressed the opinion evidence as follows:

> As for the opinion evidence, the undersigned has specifically considered the opinion offered in March 2008 from the DDS medical consultant regarding the claimant's mental limitations and accords such partial weight; while the undersigned's assessment of the degree of limitation imposed by the claimant's mental impairment differs from that assessed by the DDS medical consultant, these assessments are essentially consistent (Exhibits 1f and 12f). The undersigned notes that the DDS assessment of the claimant's physical capacities, also offered in March 2008, is from a nonmedical consultant and, accordingly, no significant weight has been accorded such pursuant to SSR 96-6p (Exhibit 13f).

Tr. at 22. Dr. Ureta completed a Medical Source Statement of Ability To Do Work-Related Activities (Physical) on February 26, 2010. Tr. at 626-631. In the assessment, Dr. Ureta found that Plaintiff should never lift or carry any object of weight; could sit for 30 minutes without interruption; could stand or walk for ten minutes without interruption; could sit or stand for one hour during a work day; must sit with her feet up, lie down, or shift positions the remaining seven hours of the work day; could ambulate five feet without the use of a cane; could frequently use both hands; could never use foot controls for either foot; and could never perform postural activities. *Id.* Dr. Ureta

also noted that the limiting conditions started in November 2003 and were expected to continue for at least another twelve months. Tr. at 631. The ALJ failed to mention the medical opinion of treating physician Dr. Ureta in his hearing decision. Tr. at 15-24. In not mentioning the opinion, the ALJ also failed to give good reasons for the weight given the opinion as required by regulation.

In addressing the argument that the ALJ did not consider Dr. Ureta's opinion, the Commissioner contends that the ALJ need not mention every piece of evidence when writing his opinion. The Commissioner relies on rulings from multiple cases in support of this notion, including *Kornecky*, which states "a[n] ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party." *Kornecky v. Comm'r of Soc. Sec.*, 167 Fed. Appx. 496, 508 (6th Cir. 2006). However, the Commissioner's reliance on *Kornecky* is misplaced. In *Kornecky*, the issue presented was that the ALJ did not address or give weight to a physician who saw the Plaintiff only one time. 167 Fed. Appx. 496, 506. Here, by contrast, the issue is the ALJ neither gave weight nor provided good reasons for not giving weight to the opinion of Plaintiff's treating physician with whom the Plaintiff saw regularly from 2003 on. This case is more similar to *Wilson*, as the Plaintiff contends, than *Kornecky*. In *Wilson*, the court found reversible error because the ALJ failed to give good reasons for rejecting the physician's opinion who had treated the claimant for over seven years. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 545-546 (6th Cir. 2004). Here, the ALJ erred in failing to provide any reasons for not giving Dr. Ureta's opinion weight even though Dr. Ureta was undeniably Plaintiff's primary treating physician for over five years by the time of the trial.

The ALJ's failure to adequately address the treating physician's opinion is reversible error. Accordingly, it is respectfully recommended that the Court grant Plaintiff's request for a

reversal of the Commissioner's decision and remand for further proceedings.  *See* 5 U.S.C.A. § 706(2)(D).

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3.  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

       /s/ Timothy P. Greeley  
       TIMOTHY P. GREELEY  
       UNITED STATES MAGISTRATE JUDGE

Dated:   June 17, 2014